FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
NOV 22 2000
2000 NOV 22 PM 2:07
LORETTA G. WHYTE
CLERK

MINUTE ENTRY
FALLON, J.
November 21, 2000

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KEITH LANDRY, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 00-267 |
| MARINE TRANSPORT LINES, INC., ET AL. | * | SECTION "L" |

Before the Court is the motion to dismiss of defendants Marine Transport Lines, Inc., Marine Personnel & Provisioning, Inc., and Marine Transport Management Company, Inc. For the following reasons, defendants' motion is GRANTED.

Plaintiffs Keith Landry, Regina Feur, Ricardo Legoretta, and Barry Patin filed this suit against defendants on January 27, 2000 seeking to recover damages for personal injuries sustained while working as seamen aboard the S/S Marine Chemist. Gregory Guth filed suit for the plaintiffs and is the only counsel that has been listed as counsel of record.

On July 28, 2000, the Court convened a status conference in chambers. Plaintiffs' counsel did not attend and the Court was unsuccessful in locating plaintiffs' counsel at his office by telephone. Following the conference, the Court issued a minute entry ordering plaintiffs' counsel to provide written reasons to the Court within five days to show cause why plaintiffs' case should not be dismissed for want of prosecution, failing which, the Court would dismiss plaintiffs' case.

DATE OF ENTRY
NOV 22 2000

In response to the Court's minute entry, Sidney J. Smolinskey contacted the Court by telephone and letter to indicate that Gregory Guth was no longer with the firm representing plaintiffs and to request two weeks in which to obtain a substitute counsel for plaintiffs. In a July 31, 2000 correspondence to the Court, Smolinskey advised the Court that John Massicot had agreed to represent plaintiffs' claims.

Notwithstanding Smolinskey's assurances, Massicot never enrolled as counsel of record nor appeared on behalf of plaintiffs before the Court. Defense counsel further explain that they attempted to contact both Guth and Massicot to set depositions of each plaintiff but neither counsel returned their telephone calls. Defense counsel nonetheless noticed the deposition of Regina Feur for September 28, 2000. At the time of the deposition, Massicott did offer a statement explaining that Feur no longer wished to be involved in the litigation and that he would return all documents related to plaintiffs' case to the Sacks law firm. In addition to Feur, plaintiffs Landry, Legorreta, and Patin also failed to appear for their noticed depositions.

Defendants filed this motion to dismiss on October 26, 2000 and noticed it for hearing on November 22, 2000 at 9:00 a.m. without oral argument. Neither plaintiffs nor their counsel of record filed a brief in opposition to the motion.

A district court may dismiss an action for failure to prosecute or to comply with any court order. *See* Fed. R. Civ. P. 41(b); *Larson v.* Scott, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). In the present case, plaintiffs' counsel and plaintiffs have failed repeatedly to participate in the litigation and to prosecute their claims. Accordingly, dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is appropriate. *See* Fed. R. Civ. P. 41(b).

Defendants Marine Transport Lines, Inc., Marine Personnel & Provisioning, Inc., and Marine Transport Management Company, Inc.'s motion to dismiss with prejudice the claims of Keith Landry, Regina Feur, Ricardo Legoretta, and Barry Patin is therefore GRANTED.

cc: Smith and Sacks
One Canal Place
365 Canal Street, Suite 2850
New Orleans, LA 70130