COPY IN CHAMBERS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 DEC 19 PM 3:55

LORETTA G. WHYTE
CLERK

KEITH LANDRY, et al.

**CIVIL ACTION**

V.

**NO. 00-267**

MARINE TRANSPORT LINES, INC., et al.

**SECTION "L"**

**PLAINTIFFS' *EX PARTE* MOTION FOR EXTENSION OF TIME
TO FILE APPEAL UNDER F.R.A.P. 4(a)(5)**

NOW INTO COURT, through undersigned counsel, come Plaintiffs and respectfully submit this motion for extension of time to file an appeal pursuant to F.R.A.P. 4(a)(5); further representing as follows:

1.      By order dated November 22, 2000 this Court dismissed with prejudice the claims of plaintiffs in this litigation. A true and correct copy of the Court's minute entry is attached hereto as Exhibit A and is incorporated herein by reference.

2.      On November 29, 2000 judgment was entered in favor of defendants and against plaintiffs, in accordance with the Order of November 22, 2000.

3.      Entry of the judgment in this case was occasioned by the circumstances set forth in more detail in Plaintiffs' Motion for Relief from Judgment Under F.R.C.P. 60(b), filed contemporaneously herewith and is incorporated herein by reference.

DATE OF ENTRY

JAN - 2 2001

4.          Because the tenth day after entry of judgment, as calculated pursuant to

F.R.C.P. 6, was last Friday (December 15, 2000), Plaintiffs' Rule 60 motion does not

extend the time for appealing the November 29 judgment. F.R.A.P. 4(a)(4)(A)(vi).

5.          Plaintiffs respectfully suggest that their Rule 60 motion warrants relief from

the judgment entered in this case, for the reasons set forth therein, and deserves the

consideration of this Court.

6.          Unless the time is otherwise extended, however, plaintiffs must file a notice

of appeal as early as December 22, 2000.  After the notice of appeal is filed, this

Court may lose the power to act on plaintiffs' Rule 60 motion. *Marrese v. American

Academy of Orthopaedic Surgeons*, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274

(1985); *Rutherford v. Harris County, Tex.*, 197 F.3d 173 (5th Cir. 1999); *In re:

Federal Facilities Realty Trust*, 227 F.2d 651 (7th Cir. 1955).

7.          This Court is authorized to extend, by an additional thirty days,  the time for

filing the notice of appeal, if the Court finds either excusable neglect or good cause.

F.R.A.P. 4(a)(5)(A).  Plaintiffs respectfully suggest that consideration of their Rule

60 motion is good cause for extending the appeal period.

8.          Because this motion is filed less than thirty days after the order which is the

subject of the Rule 60 motion and the possible appeal, this motion may be acted upon

*ex parte*.  F.R.A.P. 4(a)(5)(B).

9.          In order to consider the merits of plaintiffs' Rule 60 motion, therefore,

plaintiffs request that this Court extend the time for filing the appeal.

**WHEREFORE,** Plaintiffs respectfully request this Court to extend by thirty days the

time for filing the appeal pursuant to F.R.A.P. 4(a)(5)(A).

Respectfully submitted,

_____

MICHAEL G. STAG

Stuart H. Smith, Esq.  No. 17805
Michael G. Stag, Esq. No. 23314
SACKS & SMITH, L.L.C.
One Canal Place
365 Canal Street - Suite 2850
New Orleans, Louisiana 70130

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a copy of the foregoing pleading on counsel for all

parties proceeding by placing same in the United States Mail, properly addressed, and first class

postage prepaid.

This ___19th___ day of December, 2000.

_____

Michael G. Stag

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEITH LANDRY, et al. | CIVIL ACTION |
| V. | NO. 00-267 |
| MARINE TRANSPORT LINES, INC., et al. | SECTION "L" |

## ORDER

**UPON CONSIDERING** Plaintiffs' Motion for Extension of Time to File Appeal under F.R.A.P. 4(a)(5),

**IT IS HEREBY ORDERED** that the Court finds that good cause exists, under F.R.A.P. 4(a)(5)(A), for extending the time for plaintiffs to file a notice of appeal and the motion is GRANTED; and an additional thirty (30) day extension of time to file a notice of appeal is granted to all parties.

New Orleans, Louisiana, this ⏐⏐ day of ⎯⎯⎯⎯⎯⎯⎯⎯ , 2000.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
JUDGE

Post-it® Fax Note   7671   | Date 11/27 | # of pages▶ 3
To  Jamal Watin        | From Jerry
Co./Dept.               | Co.
Phone #                 | Phone #
Fax # 215 925-0508      | Fax #
                              50014

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

NOV 22 2000

2000 NOV 22  PM 2: 07

LORETTA G. WHYTE
CLERK

MINUTE ENTRY
FALLON, J.
November 21, 2000

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

KEITH LANDRY, ET AL.                    *    CIVIL ACTION

VERSUS                                  *    NO. 00-267

MARINE TRANSPORT LINES, INC., ET AL.    *    SECTION "L"

Before the Court is the motion to dismiss of defendants Marine Transport Lines, Inc., Marine Personnel & Provisioning, Inc., and Marine Transport Management Company, Inc.  For the following reasons, defendants' motion is GRANTED.

Plaintiffs Keith Landry, Regina Feur, Ricardo Lagoretta, and Barry Patin filed this suit against defendants on January 27, 2000 seeking to recover damages for personal injuries sustained while working as seamen aboard the S/S Marine Chemist. Gregory Guth filed suit for the plaintiffs and is the only counsel that has been listed as counsel of record.

On July 28, 2000, the Court convened a status conference in chambers.  Plaintiffs' counsel did not attend and the Court was unsuccessful in locating plaintiffs' counsel at his office by telephone.  Following the conference, the Court issued a minute entry ordering  plaintiffs' counsel to provide written reasons to the Court within five days to show cause why plaintiffs' case should not be dismissed for want of prosecution, failing which, the Court would dismiss plaintiffs' case.

DATE OF ENTRY
NOV 22 2000





EXHIBIT
A

In response to the Court's minute entry, Sidney J. Smolinskey contacted the Court by telephone and letter to indicate that Gregory Guth was no longer with the firm representing plaintiffs and to request two weeks in which to obtain a substitute counsel for plaintiffs. In a July 31, 2000 correspondence to the Court, Smolinskey advised the Court that John Massicot had agreed to represent plaintiffs' claims.

Notwithstanding Smolinskey's assurances, Massicot never enrolled as counsel of record nor appeared on behalf of plaintiffs before the Court. Defense counsel further explain that they attempted to contact both Guth and Massicot to set depositions of each plaintiff but neither counsel returned their telephone calls. Defense counsel nonetheless noticed the deposition of Regina Feur for September 28, 2000. At the time of the deposition, Massicott did offer a statement explaining that Feur no longer wished to be involved in the litigation and that he would return all documents related to plaintiffs' case to the Sacks law firm. In addition to Feur, plaintiffs Landry, Legorreta, and Patin also failed to appear for their noticed depositions.

Defendants filed this motion to dismiss on October 26, 2000 and noticed it for hearing on November 22, 2000 at 9:00 a.m. without oral argument. Neither plaintiffs nor their counsel of record filed a brief in opposition to the motion.

A district court may dismiss an action for failure to prosecute or to comply with any court order. *See* Fed. R. Civ. P. 41(b); *Larson v.* Scott, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). In the present case, plaintiffs' counsel and plaintiffs have failed repeatedly to participate in the litigation and to prosecute their claims. Accordingly, dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is appropriate. *See* Fed. R. Civ. P. 41(b).

2

Defendants Marine Transport Lines, Inc., Marine Personnel & Provisioning, Inc., and Marine Transport Management Company, Inc.'s motion to dismiss with prejudice the claims of Keith Landry, Regina Four, Ricardo Legoretta, and Barry Patin is therefore GRANTED.

cc: Smith and Sacks
  One Canal Place
  365 Canal Street, Suite 2850
  New Orleans, LA 70130

3