MINUTE ENTRY
FALLON, J.
January 3, 2001

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KEITH LANDRY, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 00-267 |
| MARINE TRANSPORT LINES, INC., ET AL. | * | SECTION "L" |

Before the Court is plaintiffs' motion for relief from judgment under Federal Rule of Civil Procedure 60(b). For the following reasons, plaintiffs' motion is DENIED

On November 29, 2000, the Court entered a judgment in favor of defendants and against plaintiffs for the reasons stated in the Court's minute entry of November 21, 2000 which granted defendants' motion to dismiss plaintiffs' claims with prejudice. Plaintiffs move for relief from the judgment and seek to have their claims reinstated.

Plaintiffs explain that they failed to prosecute their claims because of an "unfortunate mix-up" between their original and their referral counsel. According to plaintiffs, their original counsel from Smith & Sacks believed that the claims had been referred to counsel from Silvestri & Massicot who had agreed to undertake representation. Counsel at Silvestri & Massicot, however, never enrolled in the case and failed to appear for plaintiffs. Although the case has been delayed for several months, plaintiffs argue that defendants have not been prejudiced and that they are entitled

DATE OF ENTRY
JAN - 4 2001



to relief under Rule 60(b).

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration" in those exact terms. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990). However, the Fifth Circuit has held that a motion to reconsider a dispositive pre-trial motion is analogous to a motion to "alter or amend the judgment" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Rule 60(b). *See id.*

A Rule 60(b) motion is governed by more exacting substantive requirements than a Rule 59(e) motion. *See id.* Under Rule 60(b), the court will grant relief from a final judgment or order only upon a showing of one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

The burden of establishing at least one of these reasons is on the moving party, and the determination of whether that burden has been met rests within the discretion of the court. *See Lavespere*, 910 F.2d at 173-74; *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1314 (S.D. Tex.1994).

Plaintiffs fail to satisfy their burden of establishing a permissible reason for relief from judgment pursuant to Rule 60(b). In support of their motion, plaintiffs cite the mistake, inadvertence, and neglect of their counsel. Rule 60(b), however, does not provide relief for mistakes

of counsel alone. *See Pryor v. United States Postal Service,* 769 F.2d 281, 287-88 (5th Cir. 1987). Carelessness is not enough to overcome mistakes of counsel and permit relief under Rule 60(b). *See id.*

In this case, the neglect of counsel cannot be considered excusable because the Court afforded counsel more than one opportunity to clarify its representation. When plaintiffs' counsel failed to appear for a July 28, 2000 status conference, the Court issued a minute entry ordering plaintiffs' counsel to provide written reasons to show cause why plaintiffs' case should not be dismissed for want of prosecution. Plaintiffs' counsel then contacted the Court by telephone and letter to request two weeks in which to obtain substitute counsel. After the Court granted the request, plaintiffs' counsel advised the Court by letter that counsel from Silvestri & Massicot had agreed to represent plaintiffs' claims. Plaintiffs' counsel was therefore advised of and accepted responsibility for the litigation. Their mistake, inadvertence, or neglect fails the requirements of Rule 60(b). The Court further notes that plaintiffs Seur, Landry, Legorreta, and Patin neglected to appear for their noticed depositions. Accordingly, plaintiffs fail to satisfy their burden under Rule 60(b), and their motion for relief from judgment is DENIED.

